# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | No. 3:24-CR-00412 |
| v. | | (Chief Judge Brann)[*] |
| CHRISTOPHER MATTHEI, | | |
| Defendant. | | |

## ORDER

### APRIL 6, 2026

Defendant asserts that two issues remain in this matter despite Robert Frazer's appointment as United States Attorney.[1] He states that "the *Naviwala* opinion does not resolve the issue of the disqualification of the Assistant United States Attorneys who prosecuted this matter under the direction and control of Ms. Habba and the triumvirate, nor does it resolve the issue of dismissal or any other appropriate remedy."[2] Both of these issues concern the remedy that should follow from a successful authority challenge, which I have already indicated does not fall within the scope of my special designation.[3] Thus, the pendency of these issues does not

---

[*]  The Honorable Matthew W. Brann, Chief United States District Judge for the Middle District of Pennsylvania, sitting by designation.

[1]  *See* Doc. 93.

[2]  Doc. 94. Defendant's motion to dismiss raises several grounds for dismissal that are unrelated to the authority issue. *See* Doc. 55-1.

[3]  Doc. 60 at 1-2 ("In entering orders consistent with binding precedent, determining the *consequences* of an appointment held by a higher Court to be unlawful, or conducting an inquiry into whether an unlawfully appointed officer improperly participated in a given case, the Judges of the District of New Jersey do not risk any appearance of impropriety." (emphasis in original)); Doc. 91 at 2 ("The status report should not discuss questions of remedy that should follow from a determination that that leadership structure is invalid.").

preclude transfer back to the originally presiding Judge. Nevertheless, because they are directly related to Defendant's authority challenge, and given my familiarity with my own prior rulings, which are likely to guide the remedies analyses for cases transferred back to the originally presiding Judges,[4] I find it appropriate to quickly resolve the remedy issues in this case.

**Disqualification**

The Assistant United States Attorneys ("AUSAs") assigned to this case are not disqualified or subject to disqualification. As the Orders in *Giraud* and *Naviwala* made clear, AUSAs were subject to disqualification from cases to the extent that they were "acting under the supervision of Ms. Habba" or "the triumvirate."[5] Mr. Frazer is now supervising the United States Attorney's Office for the District of New Jersey ("USAO-NJ") and its AUSAs, so disqualification is not appropriate under either of the prior Orders.[6] Even if an AUSA had been disqualified under one of the prior Orders, the justification for disqualification would have ceased when they were no longer "acting under the supervision of Ms. Habba" or "the triumvirate."[7] That is

---

[4]   *See* Doc. 60 at 2 n.3.

[5]   *United States v. Giraud*, 795 F. Supp. 3d 560, 607 (D.N.J. 2025); *United States v. Naviwala*, __ F. Supp. 3d __, 2026 WL 658885, at *52 (D.N.J. 2026). I also note that no similar Order was ever entered in this case, although the reasoning supporting such an Order would have applied equally here.

[6]   Because Defendant has not challenged Mr. Frazer's appointment, I assume that it is lawful. *But see* Letter, *United States v. Naviwala*, No. 24-CR-0099 (D.N.J. Mar. 27, 2026), Doc. 321 (arguing that Mr. Frazer's appointment is unlawful).

[7]   *Giraud*, 795 F. Supp. 3d at 607; *Naviwala*, __ F. Supp. 3d __, 2026 WL 658885, at *52.

because AUSAs' disqualifications under the prior Orders were not personalized to specific AUSAs, and instead applied based on how those AUSAs were supervised.

To the extent that AUSAs participated in this case during a period when they were unlawfully supervised, which in this case appears to have been quite limited and largely related to handling scheduling matters and briefing the authority issues, most of those filings are mooted by this denial of the motions to dismiss and disqualify. And because there has been no ruling on them, Government filings from this period regarding issues that do not relate to the authority question can be easily rehabilitated with essentially no prejudice to the Defendant by permitting the Government to ratify the filing and refile out of time, or by other appropriate procedural fixes, as determined by the originally presiding Judge.

**Dismissal**

Defendant is not entitled to dismissal of his case, or any other remedy. As I explained in *Giraud*, "there is no clear basis to dismiss" an indictment based on authority issues that arise only after the indictment was validly returned.[8] " It escapes logic to contend that [an unlawful] appointment somehow retroactively taints [a lawfully returned] indictment, or any aspect of the prosecution that preceded [the appointment]."[9] So there is no basis for Defendant to challenge the indictment here.[10]

---

[8]  *United States v. Giraud*, 2025 WL 2196794, at *5 (D.N.J. Aug. 1, 2025).
[9]  *Id.*
[10]  In his second brief for disqualification Defendant states in headings that the signature on his indictment should be voided, but does not explain anywhere in the argument why that remedy

Moreover, as I again explained in *Giraud*, "the bases for a Court to dismiss a prosecution for postindictment events are limited."[11] In *Naviwala*, I declined to dismiss an indictment under similar factual circumstances to those in the present case, reasoning that, even though an unlawful appointment intervened in Naviwala's case, the Court did not immediately lose jurisdiction in a way that could not be cured—which Mr. Frazer's appointment has done—and there was no justification for exercising the Court's supervisory authority to dismiss.[12] Moreover, there is no delay concern in this matter because time was excluded under the Speedy Trial Act until at least December 31, 2025,[13] before which point Defendant filed his first motion to dismiss,[14] thereby tolling the time for trial until the issues in that motion are resolved.[15]

Finally, Defendant is incorrect to suggest that the Court has not considered whether the constitutional violation requires dismissal. In *Giraud*, I reasoned that "postindictment constitutional violations can result in dismissal, but only when the

---

would be appropriate. *See* Doc. 83-1. His indictment was signed by Senate-confirmed United States Attorney Philip R. Sellinger, Doc. 16, and voiding that signature would therefore not be proper, as in *Giraud*. 2025 WL 2196794, at *5.

[11]   *Id.* at *6.

[12]   __ F. Supp. 3d __, 2026 WL 658885, at *47-49. Notably, Defendant's remedies arguments in his second brief for disqualification are essentially identical to those asserted in *Naviwala*. *Compare* Doc. 83-1 at 14-19 *and* Mot. to Dismiss at 24-36, *United States v. Naviwala*, No. 24-CR-0099 (D.N.J. Dec. 29, 2025), Doc. 281 (using identical language, emphases, and citations). Given the arguments' extreme similarity, it strikes the Court as somewhat disingenuous to suggest that *Naviwala* did not resolve these issues.

[13]   Doc. 40.

[14]   Doc. 55.

[15]   18 U.S.C. § 3161(h)(1)(D); *see* Doc. 91 (staying case and citing 18 U.S.C. § 3161(h)(1)(D)).

constitutional violation results in some prejudice to the defendant and 'no lesser remedial action is available.' So even in the constitutional context, dismissal of the indictment is a 'drastic remedy,' and the 'general rule [is] that remedies should be tailored to the injury suffered from the constitutional violation and should not unnecessarily infringe on competing interests.'"[16] As I have explained, the Government's participation in this matter during the time when the USAO-NJ was under the supervision of unlawfully appointed individuals was minimal, and what action did occur was primarily focused on litigating the authority question, which is now resolved. Accordingly, "dismissal is not necessary for any constitutional [or statutory] violation that may flow from [either] appointment because . . . prejudice to the [Defendant] has not occurred."[17]

*   *   *

Defendant raises no undecided authority arguments, and his remedies arguments fail for the reasons stated. Therefore, **IT IS HEREBY ORDERED** that:

1.   The pending motion to dismiss (Doc. 55) is **DENIED** to the extent that it argues for remedies based on an authority issue;

---

[16]   *Giraud*, 2025 WL 2196794, at *6 (quoting *United States v. Struckman*, 611 F.3d 560, 575 (9th Cir. 2010) and *United States v. Morrison*, 449 U.S. 361, 364, 365 n.2 (1981)).

[17]   *Id.*; *see id.* at *7 ("In sum, where an indictment was returned by a validly composed grand jury and signed by a properly appointed United States Attorney, the illegal or unconstitutional appointment of a subsequent United States Attorney does not necessarily require dismissal of the charges. And when the defendant objects to that appointment before the questioned United States Attorney has substantially participated in his prosecution, dismissal is not the proper remedy.").

2.      The pending motion to disqualify (Doc. 83) is **DENIED**;

3.      The stay in this matter is **LIFTED**; and

4.      This case is transferred back to the originally presiding Judge.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge for
the Middle District of Pennsylvania
Specially Presiding

6